**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al., | Case No.: 2:22-cv-00394-CDS-NJK |
| Plaintiffs, | **ORDER** |
| v. | [Docket Nos. 11, 14] |
| STREAMLINE INTEGRATION, | |
| Defendant. | |

Pending before the Court are Plaintiffs' motions to extend their time to serve process and to be permitted to serve Defendant using email. Docket Nos. 11, 14.

## I.     MOTION TO EXTEND TIME FOR SERVICE

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service by 90 days to **November 7, 2022.**

## II.     MOTION FOR SERVICE BY ALTERNATIVE MEANS

Plaintiffs initiated the instant action on March 2, 2022. Docket No. 1. The underlying case revolves around document production disputes related to an audit being conducted relating to employee benefit contributions. *Id.* Plaintiffs began communicating with Defendant on November 29, 2021, by sending a demand letter requesting the documents at issue in this action. Docket No. 14 at 3-4. Since January 4, 2022, Plaintiffs have had phone and email communication with Defendant but have been unable to serve Defendant in this action. *Id.* at 4-5. As is relevant, Plaintiffs filed an acceptance of service with the Court on May 12, 2022. Docket No. 5. On June 22, 2022, the Court found that "Plaintiffs have not established proper service on the Defendant." Docket No. 8.

Plaintiffs now seek permission to serve Defendant via email. Docket No. 14. Plaintiffs submit that service by email should be allowed because Defendant knows about the instant action, Defendant is purposefully evading service because it refuses to provide Plaintiffs with proper

accepted service, and Plaintiffs have diligently attempted personal service multiple times.  *Id.* at 3.  Given their prior attempts to serve Defendant, Plaintiffs seek permission to serve Defendant by alternative means, via an email to Defendant's counsel, with whom they have corresponded for several months about the instant dispute.  *Id.* at 7.

Generally, service must be effectuated according to Federal Rule of Civil Procedure 4.  The purpose of Federal Rule of Civil Procedure 4 is to assure that a defendant will actually receive notice of the commencement of a lawsuit against it.  *Hanna v. Plummer*, 380 U.S. 460 (1965). Rule 4(e) governs service of individuals within a judicial district of the United States.  Pursuant to Rule 4(e)(1), service can be effectuated in the manner permitted by the law of the forum state or the state in which service is to be made.  When the individual being served is a corporation, partnership, or association within a judicial district of the United States, service must be effectuated in a manner permitted by Fed. R. Civ. P. 4(e)(1), or by delivering a copy of the complaint and summons to "an officer, a managing or general agent, or any other agent authorized by law to receive service of process. . . ."  Fed. R. Civ. P. 4(h)(1).[1]  Plaintiffs seek to serve Defendant under Rule 4(e)(1), pursuant to Nevada law.

Under Nevada law, service can be effectuated by alternative means if a statute or a court order so provides.  NRCP 4.4.  In order to establish that service by alternative means is proper service in Nevada, a party must demonstrate that the service methods provided in Rules 4.2 and 4.3 are impracticable.  NRCP 4.4(b)(1).  This request must be supported by evidence demonstrating the due diligence that was undertaken to locate and serve the defendant and the defendant's known or last-known contact information.  NRCP 4.4(b)(2)(A).  The request must also "state the proposed alternative service method and why it comports with due process."  NRCP 4.4(b)(2)(B).

Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so.  *See Abreu v. Gilmer*, 115 Nev. 308, 313 (1999) (citing *Parker v. Ross*, 117

---

[1] Service must also include mailing a copy of the summons and complaint to the agent if the agent is authorized by a statute that requires this to effectuate service.  Fed. R. Civ. P. 4(h)(1)(B).

Utah 417, 217 P.2d 373, 379 (Utah 1950)).  Courts may consider the number of attempts made to serve a defendant at his residence and other methods of locating the defendant, such as consulting public directories and family members.  *See, e.g.*, *Price v. Dunn*, 787 P.2d 786, 786-87; *Abreu* 115 Nev. at 313; *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994).  Service by alternative means is generally disfavored because substituted service implicates a defendant's constitutional right to due process.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15; *Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Court finds that service by alternative means is not proper at this juncture.  Plaintiffs have not demonstrated that service under Rules 4.2 and 4.3 would be impracticable.  Defendant is a corporation that does business in both Nevada and California.  *See* Docket No. 14 at 3.  Since Defendant is a corporation, a copy of the complaint and summons must be delivered to either Defendant's registered agent or any director or officer.  *See* NRCP 4.2(c)(1)(i)-(ii); *see also* NRCP 4.3(a)(3).  Service is also permitted through the Nevada Secretary of State if an entity has a registered agent in Nevada but cannot be served under NRCP 4.2(c)(1).  NRCP 4.2(c)(3).  Plaintiffs submit single attempts to serve Defendant at the registered agent addresses.  They have not sought permission for leave to serve Defendant through the Nevada Secretary of State or submitted attempts to try and serve officers or directors.  Without a showing as to how these methods of service have been attempted or would be fruitless, the Court is not convinced that service by alternative means should be allowed at this time. *See* NRCP 4.4 ("If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may . . . direct that service be accomplished through any alternative service method").

Moreover, the Court finds that Plaintiffs have not been diligent in attempting to serve Defendant.  Plaintiffs submit affidavits showing single attempts to serve Defendant at three addresses in March 2022 and three attempts to serve Defendant at a single address in June 2022. Docket Nos. 11-6, 11-7, 11-8, 11-9.  They further submit email correspondence with Defendant

regarding service via email and seeking an address from Defendant for service after their attempts to serve via email were deemed insufficient by the Court.  Docket Nos. 11-4, 11-10, 11-11.

The Court deemed Plaintiffs' acceptance of service deficient on June 22, 2022.  Docket No. 8.  Since that time, Plaintiffs have only attempted to serve a single address.  Docket No. 11-9. Plaintiffs provide no evidence of attempting to find other addresses for service other than asking Defendant for an address of one of its officers.[2]  Docket No. 14 at 6-7.  Without a more robust effort to attempt to abide by the service methods set forth in NRCP 4.2 and 4.3, the Court finds that Plaintiffs have not been diligent in their attempts to serve Defendant thus far.  Accordingly, the Court denies Plaintiffs' request to be permitted to serve Defendant by email.

Finally, the Court denies Plaintiffs' request to be permitted to serve Defendant by publication.  Plaintiffs include this request in a single footnote without discussing the particular governing law and how it applies to their attempts to serve Defendant.  See Docket No. 11 at 7 n.1.  The Court only addresses meaningfully developed arguments.  *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

### III.     CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' motion for service by alternative means, Docket No. 14, and **GRANTS** Plaintiffs' motion to extend the service deadline, Docket No. 11.

IT IS SO ORDERED.

Dated: August 8, 2022

 

 

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court is not convinced by Plaintiffs' representations that they are entitled to a physical address for service simply because they emailed Defendant asking for one.  Docket No. 14 at 6-7.  Plaintiffs cite no authority supporting their representations or finding that refusing to provide a physical address constitutes inappropriately evading service.